IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRST BAPTIST CHURCH;
PASTOR STEPHEN ORMORD;
CALVARY BAPTIST CHURCH; and
PASTOR AARON HARRIS,

          Plaintiffs,

v.                                                                                  No. 20-1102-JWB

GOVERNOR LAURA KELLY,
*in her official capacity,*

          Defendant.

## ORDER

The court scheduled a telephone status conference with counsel for April 21, 2020, to discuss matters relating to the upcoming preliminary injunction hearing. Shortly before that conference took place, the court became aware of a ruling by the Fifth Circuit Court of Appeals in *In re: Greg Abbott, in his official capacity as Governor of Texas, et al.*, No. 20-50296, 2020 WL 1911116, at *1 (5th Cir. Apr. 20, 2020). By a 2-1 vote in that case, a panel of the Fifth Circuit held that under the Eleventh Amendment, a federal district court lacked jurisdiction to enjoin the governor of Texas from enforcing his executive order concerning elective surgeries. The court noted that under *Ex Parte Young,* 209 U.S. 123 (1908), the Supreme Court case that allows a federal court to enjoin unconstitutional acts by state officials despite the Eleventh Amendment, the named state official must "have some connection with the enforcement" of the allegedly unconstitutional law. The *Abbott* court found that under Texas law, the governor had the power to "issue," "amend," or "rescind" executive orders, but not to "enforce" them. *Id.*, 2020 WL 1911116

at *6. The court found that under Texas law, "health and law enforcement officials and not the Governor" were responsible for enforcement of the law. *Id.* Accordingly, the Fifth Circuit found "the Governor lacks the required enforcement connection to [the challenged order] and may not be sued for injunctive relief under the Eleventh Amendment." *Id.*

The parties did not raise the issue of Eleventh Amendment immunity at the previous hearing on Plaintiffs' application for temporary restraining order ("TRO"). And unlike other most other issues affecting the court's subject matter jurisdiction, the court is not obligated to raise Eleventh Amendment immunity on its own, although it has discretion to do so. *See United States ex. rel. Burlbaw v. Orenduff,* 548 F.3d 931, 942 (10th Cir. 2008). In its prior TRO, the court concluded the exercise of jurisdiction under *Ex Parte Young* was proper, under the premise that the Governor had a sufficient connection to enforcement of the order as its author and as the chief executive officer in Kansas. But in light of the Fifth Circuit's ruling in *Abbott,* and given the importance of the issues in this case, as well the fact that Eleventh Amendment immunity can be raised at any time, even on appeal for the first time (*Burlbaw,* 548 F.3d at 942), and that it can be waived (*id.*), it is appropriate to resolve this issue now before proceeding any further.

Accordingly, at the outset of the status conference on April 21, 2020, the court asked counsel to address whether, considering the specific powers delegated to Governor Kelly under Kansas law, the court has jurisdiction to restrain her from enforcing the executive orders challenged in this case. Counsel were understandably not prepared to address the issue immediately and requested time to brief the issue. They further agreed the preliminary injunction hearing should be postponed until the issue of subject matter jurisdiction is reviewed.

Accordingly, with the agreement of counsel, the court adopts the following briefing schedule. Defendant shall have until noon on April 23, 2020, to file a motion to dismiss and brief

addressing the jurisdictional issue; Plaintiff shall have until 5:00 p.m. on April 24, 2020 to file a response; and Defendant shall have until 5:00 p.m. on April 25, 2020, to file a reply. The preliminary injunction hearing previously scheduled for April 23, 2020, is postponed pending further order of the court.  The TRO previously issued (Doc. 15) remains in effect.

IT IS SO ORDERED this 21st day of April, 2020, at Wichita, Ks.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE