# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FIRST BAPTIST CHURCH; ET AL.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **V.** | ) Case No. 6:20-cv-01102 |
| | ) |
| **GOVERNOR LAURA KELLY,** | ) |
| **in her official capacity,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

During the April 21, 2020, 10:00 am, telephonic scheduling conference, this Court raised concerns regarding its subject matter jurisdiction and ordered briefing. Defense counsel moved at the scheduling conference that this Court stay its April 18, 2020 TRO, ECF No. 15, in light of the subject matter jurisdiction questions looming over this suit. The Court denied that oral motion.

In light of the additional legal authorities in this written motion, which were not before the Court at the April 21, 2020 conference, Defendant respectfully renews its motion to **STAY** the TRO during the pendency of this jurisdictional inquiry. Defendant also respectfully prays that this Court **DISMISS** this entire case for lack of subject matter jurisdiction under the Eleventh Amendment; or in the alternative, **DISMISS** Plaintiffs' Count IV for lack of subject matter jurisdiction under the Eleventh Amendment, and **DISMISS** the remainder of the Complaint for lack of subject matter jurisdiction as moot.

**I. The *Ex Parte Young* Exception To The Eleventh Amendment Does Not Apply To Governor Kelly Here Because She Lacks The Power To Enforce EO 20-25.**

The Eleventh Amendment bars Plaintiffs' suit.  The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state. *See Hans v. Louisiana*, 134 U.S. 1, 13–15 (1890).  In *Ex parte Young*, however, the Supreme Court held that the Eleventh Amendment does not bar a suit against a state official in federal court that seeks only prospective equitable relief for violations of federal law.  *See* 209 U.S. 123, 159–60 (1908). This exception is predicated upon the state official having "some connection" with the enforcement of the challenged state action.  *Id*. at 157 ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.").

In *In re Abbott*, --- F.3d ---, 2020 WL 1911216 (5th Cir. April 20, 2020), the Texas governor issued emergency, public-health, executive orders in response to COVID-19.  Plaintiff in that case challenged one such order as infringing the constitutional right to access abortion medical services in a suit naming the governor, *inter alia*, as a defendant.  The Fifth Circuit, on mandamus review, held that the federal district court lacked subject matter jurisdiction to proceed under *Ex parte Young*. Id. at *6.  Looking solely to the Texas governor's statutory, executive-order powers, the Fifth Circuit concluded that he has the power to "'issue,' 'amend,' or 'rescind' executive orders, not to 'enforce' them." *Id*.  The Fifth Circuit further reasoned that "[t]he power to promulgate law is not the power to enforce it." *Id*. (citing *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 152 (1991) (distinguishing between the Secretary of Labor's "powers to promulgate and to enforce national health and safety standards")).  As such,

the appellate court held that the federal courts lack subject matter jurisdiction to proceed against the Texas governor in an attempt to enjoin the emergency, public health order he issued.

Tenth Circuit precedent aligns with the *In re Abbott* holding.  The Tenth Circuit brings added clarity to the *Ex parte Young* holding, stating that "[d]efendants are not required to have a 'special connection' to the unconstitutional act or conduct.  Rather, state officials must have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty."  *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007)).  Here, Governor Kelly lacks "a particular duty" to enforce EO 20-25 for several reasons.

First, EO 20-25(4)-(5) itself vests enforcement duties in local authorities, not the governor. EO 20-25(4) states that "local authorities shall retain whatever legal authority they otherwise possess to restrict or prevent access to places where people may gather in violation of this order or Executive Order 20-16."  Similarly, EO 20-25(5) recognizes that law enforcement officers, not the governor, retain the duty and discretion to enforce this executive order.  *See* EO 20-25(5) ("Law enforcement officers enforcing this order should use their discretion and consider the totality of the circumstances as they determine appropriate enforcement action.").

Second, the Kansas Emergency Management Act does not create a "particular duty" in the governor to enforce EO 20-25.  Governor Kelly issued EO 20-25 pursuant to K.S.A. 48-925(b). *See* EO 20-25 "Now Therefore" ¶.  This statute does not grant Governor Kelly enforcement powers over executive orders, including EO 20-25.  Kansas Statutes Annotated 48-925(b) states that "the governor may *issue* orders and proclamations which shall have the force and effect of law during the period of a state of disaster emergency." (emphasis added).  Section 48-925(d) further clarifies that the governor's power is limited to issuing orders.  *See* K.S.A. 48-925(d) ("The governor shall

exercise the powers conferred by subsection (c) by issuance of orders under subsection (b).").
Further, K.S.A. 48-925(d) states that "the adjutant general, subject to the direction of the governor, shall administer such orders."  This provision does not vest the adjutant general with criminal law enforcement power.  Rather, working in concert with K.S.A. 48-905a(a), this last sentence in K.S.A. 48-925(d) reinforces that the adjutant general remains tasked as the state's chief emergency management officer.  *See* K.S.A. 48-905a(a) ("The division of emergency management and the powers, duties and functions thereof shall be administered, by the adjutant general, who shall be the chief administrative officer thereof, under the supervision of the governor.").  *Accord In re Abbott*, 2020 WL 1911216 at *6 (reviewing a nearly identical Texas statutory scheme).

Third, Kansas law generally does not vest the governor with criminal law enforcement power.  The *In re Abbott* opinion did not address the Texas governor's constitutional or broader statutory power or duty to enforce criminal law.  While there are some differences in the underlying gubernatorial power under the Kansas and Texas constitutions, these differences are not outcome-determinative to the jurisdictional question here, rendering *In re Abbott* highly persuasive.

The Texas Constitution in Article IV, § 10 states that the governor "shall cause the laws to be faithfully executed."  The Kansas Constitution, by contrast, in Article I, § 3 states that the "supreme executive power of this state shall be vested in a governor, who shall be responsible for the enforcement of the laws."  This unadorned textual comparison could lead to the legally erroneous conclusion that while the Texas governor may lack the power to enforce criminal laws, the Kansas governor does.

The Kansas Supreme Court, however, has consistently held that the Kansas attorney general, not the governor, is constitutionally the chief law enforcement officer of the state of Kansas.  "And so, while primarily the Governor is charged with the execution of the law, next to

him the Attorney General is the chief law officer of the state." *State v. Finch*, 128 Kan. 665, 280 P. 910, 911 (1929); *see also id*. at 912 ("[t]he attorney-general of a state is its principal law officer. His authority is coextensive with the public legal affairs of the whole community."). The Kansas high court continues to take this approach, holding that the "Attorney General, a constitutional officer (Const.Kan. Art. 1, s 1), is the chief law enforcement officer of the state." *State ex rel. Miller v. Rohleder*, 208 Kan. 193, 194 (1971). The *Rohleder* court further held that the attorney general and the county attorneys are the state's prosecuting attorneys, "specifically charged" with pursuing "criminal suits arising under the laws of the state in which the state is interested." *Id*. at 195. The Tenth Circuit also holds that "[t]he Kansas Attorney General is the 'chief law officer of the state.'" *Maley v. Kansas*, 543 F. App'x 889, 890 (10th Cir. 2013). As the District of Kansas has previously held, "[t]his general enforcement power [in Kan. Const. Art. I, § 3] . . . is not sufficient to establish the connection to the statute required to meet the *Ex parte Young* exception to Eleventh Amendment immunity." *Day v. Sebelius*, 376 F. Supp. 2d 1022, 1031 (D. Kan. 2005), *aff'd sub nom. Day v. Bond*, 500 F.3d 1127 (10th Cir. 2007).

These judicial holdings are sound in light of Kansas's statutory scheme. Kansas statutes generally vest criminal law prosecution and enforcement power to officers other than the governor. *See, e.g*., K.S.A. 19-702(a) (county attorneys are charged with the duty to prosecute criminal cases); K.S.A. 19-801a (county sheriffs are independent officers from the governor); K.S.A. 75-702 (attorney general charged with the duty to prosecute criminal cases); K.S.A. 75-704 (attorney general charged with aiding county attorneys in the fulfillment of their duties); K.S.A. 75-711 (the KBI reports to the attorney general).

Neither of the two exceptions in Kansas statute to the general lack of gubernatorial involvement in criminal law enforcement apply here. First, Kansas statute places only one law

enforcement agency under gubernatorial control, the Kansas Highway Patrol. *See* K.S.A. 74-2113(b) (governor appoints the superintendent of the highway patrol). The Kansas Highway Patrol, however, lacks statutory authority to enforce EO 20-25. *See* K.S.A. 74-2105(a)(1) (limiting the patrol's "principal function . . . [to] enforcement of the traffic and other laws of this state relating to highways, vehicles and drivers of vehicles. . . .[and] perform[ance of] security duties for public officials."). Second, Kansas statute retains a vestige from the Prohibition era that empowers the governor to employ "special attorneys." *See* K.S.A. 75-116 (the governor may "employ special attorneys with the powers of assistant attorneys general . . . to make investigations and to secure evidence relative to violations of the liquor and other criminal laws") (passed in 1929). Even if this residual statute were to apply here, the statute does not empower such special attorneys to bring law-enforcement police action or to prosecute criminally; but rather, such special attorneys may only summon witnesses and take testimony. *Id*.

Governor Kelly lacks the authority to enforce EO 20-25 as a policing matter or to bring a criminal prosecution for violations of EO 20-25. As such, she lacks "a particular duty" to enforce EO 20-25 that would empower Plaintiffs to rely upon the *Ex parte Young* exception to the Eleventh Amendment in this suit. *See Peterson*, 707 F.3d at 1205. As such, this Court should dismiss Plaintiffs' claims for lack of subject matter jurisdiction.

## II. The Eleventh Amendment Bars Plaintiffs' Claims under K.S.A. 60-5301 et seq.

Additionally, this Court lacks jurisdiction to grant Plaintiffs' state-law-based relief. *See* Complt. at ¶ 77-83. Even if this Court holds that the *Ex parte Young* exception applies to Plaintiffs' federal claims against Governor Kelly, it does not apply to their state law causes of action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178 (10th Cir. 1998) (holding *Ex parte Young* does not overcome Eleventh

6

Amendment immunity in regard to state law claims), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

### III. Plaintiffs' Case Remains Moot Leaving This Court Without Subject Matter Jurisdiction.

Defendant raised mootness as a grounds for dismissal prior to the TRO hearing. This Court denied the motion. *See* TRO Memorandum, ECF No. 14, at 2. Because Defendant believes this matter remains moot, as a matter of preservation for potential appellate review, counsel renews this motion. Plaintiffs' Complaint remains moot and should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Mootness is a function of the relief requested in the complaint. *See Taylor v. McElroy*, 360 U.S. 709, 711 (1959). Here, Plaintiffs' Complaint seeks injunctive and declaratory relief only as to EO 20-18. *See* Cmplt. at Prayer for Relief (a)-(c). EO 20-25 rescinded and replaced EO 20-18 on April 18, 2020. *See* EO 20-25(6). As such, the relief sought *vis-a-vis* EO 20-18 in the Complaint is moot. Further, Plaintiffs' boilerplate "other and further relief" language is not sufficient to make out a new ground for relief that escapes mootness. *Cf. Bishop v. U.S. ex rel. Holder*, 962 F. Supp. 2d 1252, 1271 (N.D. Okla.) (holding that such boilerplate language cannot be construed as a request for alternative remedies so as to save a moot suit for injunctive relief from dismissal), *aff'd on other grounds sub nom. Bishop v. Smith,* 760 F.3d 1070 (10th Cir. 2014). As such, this Court continues to lack subject matter jurisdiction on mootness grounds. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (federal courts "have no subject-matter jurisdiction if a case is moot.").

### Conclusion

For the foregoing reasons, Defendant respectfully prays that this Court **STAY** its TRO during the pendency of this jurisdictional inquiry, and **DISMISS** the entire complaint for lack of

subject matter jurisdiction under the Eleventh Amendment; or in the alternative, **DISMISS** Plaintiffs' Count IV for lack of subject matter jurisdiction under the Eleventh Amendment, and **DISMISS** the remainder of the complaint for lack of subject matter jurisdiction as moot.

        **RESPECTFULLY SUBMITTED**
        **GOVERNOR LAURA KELLY**

        */s/Pedro L. Irigonegaray*
        Pedro L. Irigonegaray, #08079
        IRIGONEGARAY, TURNEY,
        & REVENAUGH, L.L.P.
        1535 SW 29th Street
        Topeka, KS 66611
        T: 785-267-6115
        F: 785-267-9458
        pedro@itrlaw.com

        */s/ Lumen N. Mulligan*
        Lumen N. Mulligan, #21337
        Attorney at Law
        1616 Indiana St.
        Lawrence, KS 66044
        T: 785-691-9367
        F: 785-691-9362
        lumenmulligan1973@gmail.com

        *Attorneys for Defendant*
        *Governor Laura Kelly*