## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIRST BAPTIST CHURCH;<br>PASTOR STEPHEN ORMORD;<br>CALVARY BAPTIST CHURCH;<br>PASTOR AARON HARRIS<br>　　　　　Plaintiffs,<br><br>v.<br><br><br>GOVERNOR LAURA KELLY,<br>in her official capacity, ET AL.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 6:20-cv-01102-JWB-GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AGREED MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT GOVERNOR LAURA KELLY

**COMES NOW** Plaintiffs and Defendant Governor Laura Kelly in this matter, by and through counsel, pursuant to Fed. R. Civ. P. 65(b)(2) and for good cause shown, for an Order extending the Temporary Restraining Order against Governor Laura Kelly (Doc. 15) an additional fourteen days to May 16, 2020. In support of their Motion, parties state the following:

1.　　　Rule 65(b)(2) of the Federal Rules of Civil Procedure states:

Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. **The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.**

(Emphasis added).

2.　　　On April 18, 2020, this Court issued a Temporary Restraining Order (hereinafter "TRO") enjoining the Governor from enforcing EO 20-25 against Plaintiffs. (Doc. 15). The TRO currently expires May 2, 2020 "unless extended by the court for good cause." *See id.*

3.      On April 23, 2020, the Court held a public telephone status conference to discuss procedural planning matters related to holding an expedited preliminary injunction hearing.

4.      At this status conference, the Court ordered the parties to meet and confer to develop a proposed plan for holding the preliminary injunction hearing, including exchanging of discovery and proposed exhibits, developing stipulations of fact, and determining how to facilitate live witness testimony or other alternatives for submitting the matter to the Court.

5.      Immediately after the Court hearing, counsel for Plaintiffs and Defendants began engaging in comprehensive, good faith discussions regarding the Court's order.

6.      On April 24, on a teleconference call with businesses around the state, Defendant Kelly stated that her current intention was to not extend the statewide restrictions under many of her executive orders past May 3, 2020 at 11:59 p.m.

7.      Later that day, after significant exchange between the parties of potential witness statements, affidavits, and other documents, counsel for the parties met by video conference to continue discussions regarding an agreed procedure for conducting a preliminary injunction hearing.

8.      At the beginning of the call, Plaintiffs' counsel suggested that the Court's comments at the hearing the previous day regarding a one-time extension may be a prudent alternative to attempting to conduct discovery, depositions,  and other preparations for an expedited preliminary injunction hearing within just a few days during a public emergency.

9.      Defendant Kelly's counsel indicated they would confer with their client regarding this proposal.

10.      Later in the video conference, counsel for Defendant Laura Kelly stated a key witnesses for the defense, Secretary of Health and Environment Lee Norman, may be unavailable

for live or deposition testimony in the foreseeable future given his current duties managing the public health emergency around the State.

11.     After continuous negotiations leading up to the filing of this Agreed Motion to Extend the TRO, the Parties have agreed to the following procedural plan during this pendency of an Extended TRO:

a)  The Extended TRO shall expire on May 16, 2020 unless sooner terminated due to dismissal of the case.

b)  Unless public-health information dictates otherwise, Governor Laura Kelly, through counsel, represents to the Court that as of today, she currently intends to issue an order extending the restrictions of EO 20-25 to May 3, 2020, to coincide with the current expiration date of the "stay home" restrictions in EO 20-16 and EO 20-24.

c)  Unless public-health information dictates otherwise, Governor Kelly further intends to issue a new executive order with less restrictive mass gathering provisions that will start May 4, 2020.

d)  The Governor's General Counsel Clay Britton represents that EO 20-25 expires May 1, 2020, but new re-opening restrictions are set to go into effect on the expiration of the statewide stay-home order on May 3. So, EO 20-25 is likely to be extended for two days, syncing it with the statewide stay-home order and therefore expiring on May 3, 2020. The Governor will issue new re-opening restrictions to go into effect on May 4, 2020. As of now, those restrictions will not prohibit gatherings in which individuals can consistently maintain a 6-foot distance and follow other safety protocols (such as disinfecting surfaces, etc.). While the details

may be subject to change between now and next weekend, unless there is a significant change in trends or status of the pandemic, the new restrictions will be significantly less restrictive than those currently in place. Counsel for Governor shall notify Plaintiffs of the exact draft language of the next prospective executive order prior to May 4, 2020.

e) Counsel for Governor shall notify Plaintiffs of the exact draft language of the next prospective executive order prior to May 4, 2020.

f) Based upon the facts in 11(b)-(e) above, Plaintiffs will file, to which Governor Kelly will consent (if requested), a Fed. R. Civ. P. 41(a)(1)(A) voluntary dismissal no later than 11:59 p.m. on May 6, 2020, provided, in the event Plaintiffs believe the Governor's new executive order does not cure the constitutional violations alleged in Plaintiffs' Amended Verified Complaint and subsequent pleadings, Plaintiffs shall not be bound to file a voluntary dismissal and may move the court any time prior to 11:59 p.m. on May 6, 2020 to set a temporary restraining order or preliminary injunction hearing and new scheduling order.

12.     Parties agree to the extension of a TRO for the reasons stated above and in ¶ 14 below.

13.     In the event the Court grants this agreed motion, Parties respectfully request the court suspend any current scheduling orders until May 4, 2020 in anticipation of this case becoming moot.

14.     The current TRO should be extended for good cause based on the following reasons:

- Based on Governor Kelly's public comments on April 24, 2020 regarding her current intention to not extend statewide restrictions of her executive orders past May 3, 2020 and her representations to the parties and the Court in this Motion, there is a likelihood this matter will be moot in the near future.

- A one-time 14-day extension of the TRO would allow parties adequate time, if needed, to conduct limited discovery and briefing in the event the Plaintiffs believe new restrictions present in a new Executive Order are not constitutionally sound.

**WHEREFORE**, for the foregoing reasons, Plaintiffs and Defendant respectfully pray the Court enter an Order extending the Temporary Restraining Order against Governor Laura Kelly (Doc. 15) an additional fourteen days to May 16, 2020.

Respectfully submitted this 25nd day April 2020.

Prepared and submitted by:

/s/ Tyson C. Langhofer
Tyson C. Langhofer
KS Bar No. 19241
ALLIANCE DEFENDING FREEDOM
20116 Ashbrook Place, Suite 250
Ashburn, VA 20147
(480) 388-8205
tlanghofer@ADFlegal.org

David A. Cortman*
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@ADFlegal.org

Ryan J. Tucker*
AZ Bar No. 034382
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.

Scottsdale, AZ 85260
(480) 444-0020
rtucker@ADFlegal.org

/s/ Joshua A. Ney
Joshua A. Ney,
KS Bar No. 24077
NEY LAW FIRM, LLC
900 S. Kansas Ave., Ste. 402B
Topeka, KS 66612
 (785) 414-9065
josh@joshney.com

/s/ Ryan A. Kriegshauser
Ryan A. Kriegshauser
KS Bar No. 23942
KRIEGSHAUSER LAW LLC
15050 W. 138th St., Unit 4493
Olathe, KS 66063
(913)  303-0639
ryan@kriegshauserlaw.us

ATTORNEYS FOR PLAINTIFFS
*Admitted Pro Hac Vice

Reviewed and agreed to by:

*/s/ Pedro L. Irigonegaray*
Pedro L. Irigonegaray, #08079
IRIGONEGARAY, TURNEY, & REVENAUGH, L.L.P.
1535 SW 29th Street
Topeka, KS 66611
T: 785-267-6115
F: 785-267-9458
pedro@itrlaw.com

/s/ Lumen N. Mulligan
Lumen N. Mulligan, #21337
Attorney at Law
1616 Indiana St.
Lawrence, KS 66044
T: 785-691-9367
F: 785-691-9362
lumenmulligan1973@gmail.com

ATTORNEYS FOR DEFENDANT GOVERNOR LAURA KELLY